```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
               AT CHARLESTON
```

**MARK E. DAVIS, et al.,**

      Plaintiffs,

v.                                              Case No. 2:09-cv-00096

**MIKE RUTHERFORD, Sheriff
of Kanawha County, et al.,**

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

    Currently pending before the court is a Motion to Remand filed by Plaintiffs and Defendants, Mike Rutherford, Sheriff (hereinafter "Sheriff") and Vera McCormick, Clerk (hereinafter "Clerk") on March 4, 2009. (Docket # 4.) Huntington National Bank, N.A., a nonparty, also filed the motion to remand. The court will refer to Plaintiffs, the Sheriff, the Clerk and Huntington National Bank, N.A. collectively as "Movants."

    This civil action is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and the above pending motion has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

<u>Allegations in the Complaint</u>

    On June 2, 2008, Plaintiffs, who are <u>pro se</u>, filed an action in the Circuit Court of Kanawha County, West Virginia against the

Sheriff, the Clerk, Rebuild America, Inc. and Reo America, Inc. and 100 John Does.  Plaintiffs styled their complaint as "Complaint, Motion to Nullify Property Sale, Motion to Set Aside Tax Deed, Motion for Injunction to Stop Eviction."  (# 1-2, p. 30.)  In the complaint, Plaintiffs allege that "[o]n or about October 10, 2006, the Plaintiffs received a Notice of Discharge for Chapter 7 bankruptcy."  (# 1-2, p. 30.)  At the time of the discharge, and since December 20, 2003, Plaintiffs allege that they have resided at 51 Woodbridge Drive, Charleston, West Virginia and that their former address was 929 Chappell Road, Charleston, West Virginia.  Plaintiffs allege that on November 14, 2006, the Sheriff sold the tax lien on the real estate identified as 51 Woodbridge Drive.  Plaintiffs assert that "[a] bankruptcy exemption code ("BR 7") was listed on only one [of] Plaintiffs' accounts, which account" was for the Chappell Road property, from which Plaintiff had moved on December 20, 2003, three years before the tax lien sale. (# 1-2, p. 31.)  There was no BR 7 code listed on Plaintiffs' account associated with 51 Woodbridge Drive.  (# 1-2, p. 31.)

Plaintiffs allege that on April 14, 2008, the Clerk issued a deed conveying the property to Rebuild America, Inc. and Reo America, Inc. (hereinafter collectively referred to as "Rebuild/REO") and by assignment to Sass Muni.  On or about May 24, 2008, Plaintiffs received a letter from Rebuild/REO requesting that Plaintiffs vacate the property or contact Rebuild/REO about

obtaining back the property.  On June 2, 2008, Plaintiffs allege that they contacted the Sheriff's tax deputy, who indicated "that said real property should not have been sold November 24, 2006, because of bankruptcy protection afforded Plaintiffs, and that resolution and relief was available only through this Court [i.e., Kanawha County Circuit Court]."  (# 1-2, pp. 31-32.)

Plaintiffs asked that the court void or otherwise set aside the November 2006, sale and the tax deed dated April 14, 2008, to keep Plaintiffs from being evicted from their property and for recovery of their filing fees.  (# 1-2, p. 32.)

The Sheriff answered the complaint on June 24, 2008, and admitted that he sold the tax lien on the real estate at 51 Woodbridge Drive, that the BR 7 code was not listed on Plaintiffs' account associated with 51 Woodbridge Drive and that representatives of the Sheriff's Department told Plaintiffs on May 30, 2008, that the property should not have been sold because of the bankruptcy protection afforded to Plaintiffs.  (# 1-2, pp. 18-22.)  The Clerk answered the complaint on the same date, as did REO/Rebuild.  (# 102, pp. 8-17.)

On January 9, 2009, Kanawha County Circuit Court Judge Irene C. Berger entered a Status Conference Order in which she made the following findings after a status conference on November 24, 2008:

> 1.  The Complaint pending before the Court is to set aside a tax sale conducted by the Kanawha County Sheriff's Office [on] November 14, 2006, at which the property was sold to Rebuild.

3

> 2. On April 14, 2008, the property was conveyed by the Clerk of the County Commission of Kanawha County, West Virginia to Rebuild, which deed is of record in the Office of the Clerk's Office in Book 2718, at Page 710.
>
> 3. The Plaintiffs were named debtors in a Chapter 7 Bankruptcy pending in the Bankruptcy Court for the Southern District of West Virginia until October 10, 2006.
>
> 4. It is the Plaintiff's and Huntington's[1] position that as a matter of federal law the bankruptcy enjoined or stayed any creditors (including the Kanawha County Sheriff and Clerk) from exercising rights or remedies to enforce liens against the Plaintiffs as provided under 11 USC 362 of the United States Code.
>
> 5. It is the Plaintiff's and Huntington's position that the Defendant Sheriff and Clerk were precluded as a matter of law from providing notice required by State Law (either by personal service, certified mail or advertisement) that this property was to be sold at the tax sale without first obtaining specific relief from the automatic stay or injunction from the Bankruptcy Court in the Southern District of West Virginia.
>
> 6. The Plaintiffs represented to the Court that they were advised by the Sheriff's Department on more than one occasion that because of the bankruptcy the property should not have been sold at the tax sale on November 14, 2006.
>
> 7. The relief sought by the Plaintiffs is to set aside the tax sale and to restore legal title in the property in the Plaintiffs.
>
> 8. The Court finds that no pleadings are pending before the Court objecting to that relief sought by the Plaintiffs. However, Counsel for the Defendants, Rebuild and REO, objected in open Court to the Court granting that relief sought by the Plaintiffs.

(# 1-2, pp. 2-3.)

---

[1] Huntington National Bank, N.A. became involved because they possessed a first priority deed of trust lien against the at-issue property. (# 1, p. 3.)

As a result of the above findings of fact, Judge Berger allowed Rebuild/REO thirty days to file additional pleadings objecting to the relief sought by Plaintiffs. (# 1-2, p. 3.)

On February 4, 2009, Rebuild/REO filed a notice of removal in this court pursuant to 28 U.S.C. § 1331. As grounds for removal, Rebuild/REO asserts that the State court's Status Conference Order entered January 9, 2009, is the first pleading or order in this case that clarifies that Plaintiffs' claims are based upon 11 U.S.C. § 362(a), thus making the case removable pursuant to 28 U.S.C. § 1331. (# 1, pp. 6-7.)

<u>Arguments of the Movants/Rebuild/REO</u>

In their Motion to Remand, the Movants seek an order remanding this case to State court because Rebuild/REO's removal was untimely. Movants assert that the initial pleading filed by Plaintiffs on June 2, 2008, put Rebuild/REO on notice that the federal bankruptcy was in issue:

> The Complaint mentions "bankruptcy" numerous times and there is, of course, no state bankruptcy code. Therefore, Rebuild and REO were certainly aware of federal bankruptcy questions raised by the Plaintiffs' Complaint. Moreover, although the Complaint does not specifically mention 11 U.S.C. § 362, it is by implication incorporated into the Complaint because, as is generally known by most practicing lawyers, this is the provision of the Bankruptcy Code that would have prevented the sale from occurring.

(# 5, pp. 4-5.) Because removal was not sought within thirty days of Plaintiffs' complaint, Movants assert that removal is untimely.

Movants further assert that the case should be remanded

because all defendants did not join in the removal. In particular, the Sheriff and the Clerk did not join in removal. (# 5, p. 6.) Finally, Movants seek an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (# 5, p. 6.)

In response, Rebuild/REO argues that there was no basis for federal question jurisdiction apparent from Plaintiffs' complaint and that such basis did not become evident until the State court's Status Conference Order entered on January 9, 2009. Rebuild/REO asserts that "[t]he complaint does not refer to the automatic stay. The complaint does not allege a single event that occurred while the automatic stay applied that may have constituted a violation of the automatic stay." (# 7, p. 3.) Rebuild/REO asserts that the automatic stay commenced July 12, 2006, and ended on October 17, 2006, and that the complaint makes no allegation that any event occurred during this period. (# 7, p. 3 n.1.) Rebuild/REO contends that

> [t]he complaint does not refer at all to the tax sale notice which presently serves as the basis for the Plaintiffs' claim that the tax deed should be avoided. The complaint simply bears no resemblance to the Plaintiffs' actual cause of action as stated in the State court order. Not only does the complaint fail to reference the automatic stay or any event that may have constituted a violation of the stay, the complaint refers to the bankruptcy discharge which misinforms a defendant that § 524 (not § 362) of the Bankruptcy Code is relevant to Plaintiffs' cause of action. The only act that is alleged in the complaint to violate the bankruptcy code is the sale of the tax lien, which, as the complaint states, occurred on November 14, 2006, long after § 362 ceased to offer Plaintiffs protection, but during a time when the bankruptcy discharge was enforceable.

(# 7, p. 3.)

Rebuild/REO further argues that the complaint, which emphasizes the bankruptcy discharge, simply does not set forth a cause of action created by federal law. Nor did the complaint state a cause of action that necessarily depends on a substantial federal question. (# 7, pp. 4-5.) Thus, according to Rebuild/REO, had they removed the case based on the complaint, it would have been remanded. (# 7, p. 6.)

Finally, Rebuild/REO asserts that the rule of unanimity does not apply to the Sheriff and the Clerk because they are nominal parties who are excepted from the rule of unanimity. Rebuild/REO argues that the Sheriff and the Clerk are nominal parties because there is no reasonable basis for predicting that they will be held liable. Rebuild/REO argues that because Plaintiffs seek to set aside the tax deed, "[t]he Clerk and the Sheriff do not stand to gain or lose anything if the tax deed is set aside. The complaint does not seek any monetary recovery against the Clerk or the Sheriff." (# 7, p. 7.) Rebuild/REO opposes an award of attorney's fees and costs and asserts that it removed in good faith. (# 7, pp. 7-8.)

In reply, Movants argue that "the Complaint expresses a cause of action under § 362 based upon a violation of the automatic stay because certain actions by the Sheriff and the Clerk to collect the taxes in question occurred prior to the discharge injunction and

while the automatic stay was in effect." (# 11, p. 2.) In particular, Movants note that the actions of the Sheriff and Clerk "to enforce and list the claim under the West Virginia Code, including the second publication and notice on September 13, 2006, were in violation of the automatic stay that prohibits 'any act,' not just the actual sale of the property to collect a debt or to enforce a claim against a debtor's property." (# 11, p. 4.)

> Movants further assert that
>
> even if the Complaint is construed not to state a claim under § 362, claims for violations of the § 524 discharge injunction are 'core proceedings' under 28 U.S.C. § 157, over which federal courts have original **although not exclusive**, jurisdiction. A claim for a violation of the discharge injunction is unquestionably removable under 28 U.S.C. § 1452, and because a § 524 claim is a substantive federal claim and a part of the Plaintiffs' claims brought in state court, it is also removable under 28 U.S.C. § 1441.

(# 11, p. 2.) As a result, Plaintiffs' complaint should have been removed within thirty days of filing of the complaint. (# 11, p. 5.)

Finally, Movants assert that the Sheriff and the Clerk are not nominal parties because "[a] ruling in favor of the Plaintiffs will per force, involve a finding that the Sheriff and Clerk acted improperly in not complying with the automatic stay and discharge injunction provisions of the Bankruptcy Code." (# 11, p. 2.)

Analysis

Timeliness of Removal

Federal courts are courts of limited jurisdiction.

"Typically, an action initiated in a state court can be removed to federal court only 'if it might have been brought in [federal court] originally.'" Sonoco Prods. Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003) (quoting Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 186 (4th Cir. 2002)). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). "[T]he Court is not bound by plaintiffs' language, however, and it must look to the substance of the pleading, not the labels used by plaintiffs." McCastle v. Rollins Envtl. Servs., 514 F. Supp. 936, 938 (M.D. La. 1981).

Pursuant to 28 U.S.C. § 1446(b), the notice of removal shall be filed in thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

28 U.S.C. § 1446(b). "There is no question that ... failure to comply with the 30-day limit is grounds for immediately remanding

9

a removed case to state court ...." FHC Options, Inc. v. Security Life Ins. Co. of America, 993 F. Supp. 378, 380 (E.D. Va. 1998) (citing Northern Illinois Gas Co. v. Airco, Inc., 676 F.2d 270, 273 (7th Cir. 1982)).

Rebuild/REO does not dispute that it filed the removal petition more than thirty days after Plaintiffs filed their complaint in State court. Rebuild/REO contends that there was no basis for federal question jurisdiction apparent from Plaintiffs' complaint and that such basis did not become evident until the State court's Status Conference Order entered on January 9, 2009. Rebuild/REO filed their removal on February 4, 2009, pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Rebuild/REO asserts that by virtue of the Status Conference Order "the relief sought by Plaintiffs entails enforcement of the bankruptcy injunction of the automatic stay, a matter that Court's [sic] have held to be the exclusive jurisdiction of federal courts. The case gives rise to [several] substantial issues, all of which entail the scope, enforcement and/or nullification of the automatic stay under 11 U.S.C. § 362 ...." (# 1, p. 5.)

In its response, Rebuild/REO further asserts that the only federal law referenced in Plaintiffs' complaint refers to the bankruptcy discharge, not the automatic stay provisions and that

the sale complained of by Plaintiffs did not occur while the automatic stay provided by § 362 was in place.  In addition, Rebuild/REO points out that the complaint refers to the bankruptcy discharge, thus suggesting that § 524 is relevant to Plaintiffs' cause of action.  According to Rebuild/REO, violation of the discharge is remedied by contempt proceedings, and does not create a private cause of action under federal law.  (# 7, p. 4.)

By way of brief background, the court notes that the filing of a bankruptcy petition operates as a stay against certain actions of creditors pursuant to 11 U.S.C. § 362.  "Upon the granting of a discharge, the automatic stay of § 362 is dissolved and is replaced by the permanent injunction of 11 U.S.C. § 524."  In re Mann, 58 B.R. 953, 955 (W.D. Va. 1986).

The court proposes that the presiding District Judge find that Plaintiffs' complaint, filed on June 2, 2008, asserted a federal question on the face of the complaint.  Plaintiffs alleged that on October 10, 2006, they received a notice of discharge for Chapter 7 bankruptcy, that there was no bankruptcy exemption code listed on their account as to their property on Woodbridge Drive, that the Sheriff sold the tax lien on the real estate located at Woodbridge Drive on November 14, 2006, that on April 14, 2008, the Clerk issued a deed conveying the property and that the Sheriff's department indicated "that said real property should not have been sold November 14, 2006, because of bankruptcy protection afforded

Plaintiffs ...." (# 1-2, pp. 31-32.) While Plaintiffs did not cite 11 U.S.C. § 362 in the complaint, there are numerous references in the complaint to Plaintiffs' bankruptcy. Furthermore, it is obvious from the face of Plaintiffs' complaint that they believe that the tax lien was improperly sold when it should have been subject to some kind of protection pursuant to their bankruptcy. While the sale of the tax lien may have occurred after § 362 ceased to offer Plaintiffs protection, the Movants aptly point out that certain actions by the Sheriff and Clerk to collect the taxes in question occurred prior to the discharge injunction and while the automatic stay was in effect. In addition, the Sheriff's failure to list the bankruptcy exemption code certainly occurred during the time in which the stay was in effect.

It is appropriate to apply the rule expressed in Haines v. Kerner, 404 U.S. 519, 520 (1972), which requires a court to construe the pleadings of a pro se plaintiff liberally. Indeed, because Plaintiffs are pro se, the court must hold their complaint "to less stringent standards than formal pleadings drafted by lawyers ...." Id. It is plain from Plaintiffs' complaint that they are attempting to protect their home, through applicable bankruptcy laws, from their creditors.

In short, Plaintiffs' complaint, although not as explicit as it could have been, sufficiently raises a federal question related

to 11 U.S.C. § 362, and as such, Rebuild/REO should have removed the action within thirty days of Plaintiffs' filing of the complaint. Because Rebuild/REO sought removal more than thirty days after the filing of the complaint which raised a removable cause of action, removal is untimely and the case must be remanded.

Failure of all Parties to Join in Removal

The Movants next argue that Rebuild/REO failed to join all defendants, in particular, the Sheriff and the Clerk, and, as a result, remand is in order.

"Generally, all defendants must join in removing an action from state court." Mullins v. Hinkle, 953 F. Supp. 744, 749 (S.D. W. Va. 1997) (citing Chicago, Rock Island and Pacific Ry. Co. v. Martin, 178 U.S. 245, 248 (1900)). "This 'rule of unanimity' require[s] that each defendant 'register to the Court its official and unambiguous consent to a removal petition filed by a co-defendant.'" Creed v. Virginia, 596 F. Supp.2d 930, 934 (E.D. Va. 2009).

However, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants Local 349, 427 F.2d 325, 327 (5th Cir. 1970). "The party seeking removal has the burden of proving that the objecting party is merely nominal." Creed, 596 F. Supp.2d at 934.

In Creed, the United States District Court for the Eastern District of Virginia recognized that "[t]he Fourth Circuit has not defined 'nominal party' for removal purposes." Id. (citing Allen v. Monsanto Co., 396 F. Supp.2d 728, 732 (S.D. W.Va. 2005)). In Creed, the court summarized the findings of other courts regarding the definition of "nominal party" and ultimately concluded that "the central inquiry appears to be whether, looking at the facts of the case as they appear at the preliminary stage of a petition for removal, the party in question is in some manner genuinely adverse to the plaintiff." Id. at 935.

The court proposes that the presiding District Judge find that the Sheriff and the Clerk are not nominal parties and, as a result, their consent to removal was required. While the complaint does not seek monetary recovery against the Sheriff or the Clerk, or any other defendant for that matter, there is a reasonable basis for predicting that the Sheriff and the Clerk will be held responsible in this matter and will be required to perform official acts. It was the Sheriff who collected the taxes, listed and sold the property at issue, received the proceeds and has since admitted that the sale should not have occurred. See W. Va. Code §§ 11A-1-4, 11A-3-5. Similarly, the Clerk was the grantor of the tax deed. See W. Va. Code § 11A-3-27. Whether the tax sale should be set aside turns on actions of the Sheriff and the Clerk, and in the event the court finds the sale should not have occurred and that

14

the tax deed should be set aside, these parties will be affected.

<u>Fees and Costs</u>

Turning to the issue of fees and costs, pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005), the Supreme Court ruled that

> [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

(citations omitted).

The court proposes that the presiding District Judge find that an award of just costs and expenses, including attorney's fees, is not warranted. Although their removal was untimely, Rebuild/REO had an objectively reasonable basis for seeking removal. Plaintiffs have admitted that their complaint alleged a federal question pursuant to 11 U.S.C. § 362. Rebuild/REO's decision to remove without obtaining the consent of all defendants is more tenuous, but the court cannot recommend that Rebuild/REO lacked an objectively reasonable basis for seeking removal in these circumstances. Although Rebuild/REO may have been misguided in removing without the consent of all defendants, the removal was not

the tax deed should be set aside, these parties will be affected.

<u>Fees and Costs</u>

Turning to the issue of fees and costs, pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005), the Supreme Court ruled that

> [a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

(citations omitted).

The court proposes that the presiding District Judge find that an award of just costs and expenses, including attorney's fees, is not warranted. Although their removal was untimely, Rebuild/REO had an objectively reasonable basis for seeking removal. Plaintiffs have admitted that their complaint alleged a federal question pursuant to 11 U.S.C. § 362. Rebuild/REO's decision to remove without obtaining the consent of all defendants is more tenuous, but the court cannot recommend that Rebuild/REO lacked an objectively reasonable basis for seeking removal in these circumstances. Although Rebuild/REO may have been misguided in removing without the consent of all defendants, the removal was not

objectively unreasonable.

Recommendation

It is respectfully recommended that Movants' Motion to Remand be granted and their request for fees and costs be denied.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiffs and counsel of record.

|  |  |
|---|---|
| May 19, 2009<br>Date | *Mary E. Stanley*<br>Mary E. Stanley<br>United States Magistrate Judge |

17