## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MARK E. DAVIS, et al.,

          Plaintiff,

v.                              CIVIL ACTION NO. 2:09-cv-00096

MIKE RUTHERFORD, Sheriff
of Kanawha County, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Pending before the court is a Motion to Remand [Docket 4] filed by the plaintiffs, Mark E. Davis and Tammy L. Davis, the defendants, Mike Rutherford, Sheriff, and Vera McCormick, Clerk, and nonparty Huntington National Bank, N.A. The moving parties also requested attorney's fees and costs, pursuant to 28 U.S.C. § 1447(c).

Pursuant to a 28 U.S.C. § 636(b)(1)(B), this pending motion was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On May 19, 2009, the Magistrate Judge submitted proposed findings and made a recommendation to grant the Motion to Remand and deny the request for fees and costs [Docket 12]. On May 29, 2009, the defendants, Mike Rutherford, Sheriff, and Vera McCormick, Clerk, and nonparty Huntington National Bank, N.A., ("Rutherford et al.") filed a timely objection to the proposed findings and recommendations ("PF&R"), asserting that the Magistrate Judge's recommendation concerning fee-shifting was in error [Docket 13 & 14]. Also

on May 29, 2009, defendants Rebuild America, Inc., and REO America, Inc. ("Rebuild/REO") filed a timely objection to the PF&R, asserting that the case should not be remanded to state court [Docket 15]. On June 8, 2009, Rebuild/REO filed a response to Rutherford et al.'s objection, asserting that remand is improper but that attorney's fees should not be awarded, in any case [Docket 16]. On June 22, 2009, Huntington National Bank filed a response to Rebuild/REO's objection [Docket 17], reiterating its position that the motion to remand should be granted and that attorney's fees and costs should be awarded.

The court has reviewed *de novo* the PF&R. For the reasons set forth below, the court **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's PF&R. The Motion to Remand [Docket 4] is **GRANTED** as follows: The court **GRANTS** the Motion to Remand and **GRANTS** the request for attorney's fees and costs.

## II. Background

The factual background for this case was adequately set forth in the PF&R. For the sake of context, the court incorporate pages 1 through 5 of the PF&R:

> On June 2, 2008, Plaintiffs, who are pro se, filed an action in the Circuit Court of Kanawha County, West Virginia against the Sheriff, the Clerk, Rebuild America, Inc. and Reo America, Inc. and 100 John Does. Plaintiffs styled their complaint as "Complaint, Motion to Nullify Property Sale, Motion to Set Aside Tax Deed, Motion for Injunction to Stop Eviction." (# 1-2, p. 30.) In the complaint, Plaintiffs allege that "[o]n or about October 10, 2006, the Plaintiffs received a Notice of Discharge for Chapter 7 bankruptcy." (# 1-2, p. 30.) At the time of the discharge, and since December 20, 2003, Plaintiffs allege that they have resided at 51 Woodbridge Drive, Charleston, West Virginia and that their former address was 929 Chappell Road, Charleston, West Virginia. Plaintiffs allege that on November 14, 2006, the Sheriff sold the tax lien on the real estate identified as 51 Woodbridge Drive. Plaintiffs assert that "[a] bankruptcy exemption code ("BR 7") was listed on only one [of] Plaintiffs' accounts, which account" was for the Chappell Road

property, from which Plaintiff had moved on December 20, 2003, three years before the tax lien sale. (# 1-2, p. 31.) There was no BR 7 code listed on Plaintiffs' account associated with 51 Woodbridge Drive. (# 1-2, p. 31.)

Plaintiffs allege that on April 14, 2008, the Clerk issued a deed conveying the property to Rebuild America, Inc. and Reo America, Inc. (hereinafter collectively referred to as "Rebuild/REO") and by assignment to Sass Muni. On or about May 24, 2008, Plaintiffs received a letter from Rebuild/REO requesting that Plaintiffs vacate the property or contact Rebuild/REO about obtaining back the property. On June 2, 2008, Plaintiffs allege that they contacted the Sheriff's tax deputy, who indicated "that said real property should not have been sold November 24, 2006, because of bankruptcy protection afforded Plaintiffs, and that resolution and relief was available only through this Court [i.e., Kanawha County Circuit Court]." (# 1-2, pp. 31-32.)

Plaintiffs asked that the court void or otherwise set aside the November 2006, sale and the tax deed dated April 14, 2008, to keep Plaintiffs from being evicted from their property and for recovery of their filing fees. (# 1-2, p. 32.)

The Sheriff answered the complaint on June 24, 2008, and admitted that he sold the tax lien on the real estate at 51 Woodbridge Drive, that the BR 7 code was not listed on Plaintiffs' account associated with 51 Woodbridge Drive and that representatives of the Sheriff's Department told Plaintiffs on May 30, 2008, that the property should not have been sold because of the bankruptcy protection afforded to Plaintiffs. (# 1-2, pp. 18-22.) The Clerk answered the complaint on the same date, as did REO/Rebuild. (# 102, pp. 8-17.)

On January 9, 2009, Kanawha County Circuit Court Judge Irene C. Berger entered a Status Conference Order in which she made the following findings after a status conference on November 24, 2008:

> 1. The Complaint pending before the Court is to set aside a tax sale conducted by the Kanawha County Sheriff's Office [on] November 14, 2006, at which the property was sold to Rebuild.
> 2. On April 14, 2008, the property was conveyed by the Clerk of the County Commission of Kanawha County, West Virginia to Rebuild, which deed is of record in the Office of the Clerk's Office in Book 2718, at Page 710.
> 3. The Plaintiffs were named debtors in a Chapter 7 Bankruptcy pending in the Bankruptcy Court for the Southern District of West Virginia until October 10, 2006.

> 4. It is the Plaintiff's and Huntington's[1] position that as a matter of federal law the bankruptcy enjoined or stayed any creditors (including the Kanawha County Sheriff and Clerk) from exercising rights or remedies to enforce liens against the Plaintiffs as provided under 11 USC 362 of the United States Code.
> 5. It is the Plaintiff's and Huntington's position that the Defendant Sheriff and Clerk were precluded as a matter of law from providing notice required by State Law (either by personal service, certified mail or advertisement) that this property was to be sold at the tax sale without first obtaining specific relief from the automatic stay or injunction from the Bankruptcy Court in the Southern District of West Virginia.
> 6. The Plaintiffs represented to the Court that they were advised by the Sheriff's Department on more than one occasion that because of the bankruptcy the property should not have been sold at the tax sale on November 14, 2006.
> 7. The relief sought by the Plaintiffs is to set aside the tax sale and to restore legal title in the property in the Plaintiffs.
> 8. The Court finds that no pleadings are pending before the Court objecting to that relief sought by the Plaintiffs. However, Counsel for the Defendants, Rebuild and REO, objected in open Court to the Court granting that relief sought by the Plaintiffs.

(# 1-2, pp. 2-3.)

As a result of the above findings of fact, Judge Berger allowed Rebuild/REO thirty days to file additional pleadings objecting to the relief sought by Plaintiffs. (# 1-2, p. 3.) On February 4, 2009, Rebuild/REO filed a notice of removal in this court pursuant to 28 U.S.C. § 1331. As grounds for removal, Rebuild/REO asserts that the State court's Status Conference Order entered January 9, 2009, is the first pleading or order in this case that clarifies that Plaintiffs' claims are based upon 11 U.S.C. § 362(a), thus making the case removable pursuant to 28 U.S.C. § 1331. (# 1, pp. 6-7.).

---

[1] Huntington National Bank, N.A. became involved because they possessed a first priority deed of trust lien against the at-issue property. (# 1, p. 3.)

**III. Discussion**

Rebuild/REO have objected to the PF&R's recommendation to remand the case, and Rutherford et al. have objected to the PF&R's recommendation against awarding attorney's fees.

1. *Objection: The Case Should Not be Remanded.*

    **A. The Removal Was Not Timely.**

Removal is timely if notice is filed within thirty days after the defendant's receipt of a copy of the first "pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). A case is removable to federal court "if it might have been brought in [federal court] originally." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2000). Rebuild/REO filed its petition to remove more than thirty days after the plaintiffs filed their complaint in state court. Thus, Rebuild/REO's petition is not timely if a basis for federal question jurisdiction was apparent from the plaintiffs' complaint.

Rebuild/REO asserts that the plaintiffs' complaint refers only to the bankruptcy discharge, 11 U.S.C. § 524, not the automatic stay provisions, 11 U.S.C. § 362, and that the complaint "does not mention any event that occurred during the period of time that the automatic stay was in place." Obj. to PF&R at 2. In its objection, Rebuild/REO asserts that the actions taken by the Sheriff and Clerk, which arguably violated the automatic stay, were not raised in the plaintiffs' complaint, but in their Reply Brief in Support of their Motion to Remand [Docket 11]. *Id.* at 3. According to Rebuild/REO, a violation of the bankruptcy discharge does not create a cause of action under federal law, and moreover the plaintiffs' discharge claim is insufficiently substantial to create federal jurisdiction because "it lacks all merit." Obj. to Mot. to Remand at 4–5. Rebuild/REO argues that

the case did not present an ascertainable federal cause of action until Huntington National Bank became involved as an unofficial participant and "proferred [the] clever, nuanced argument" that "a notice of tax sale given while the automatic stay was in force serves as a basis for overturning the tax deed." Obj. to PF&R at 3. Rebuild/REO asserts that until Huntington offered this argument, "the plaintiffs were not cognizant of it and certainly had not asserted it." *Id.*

The court agrees with Magistrate Judge Stanley that the complaint asserted a federal question on its face. As the Magistrate Judge stated, "it is obvious from the face of Plaintiffs' complaint that they believe that the tax lien was improperly sold when it should have been subject to some kind of protection pursuant to their bankruptcy." PF&R at 12. It is "the substance of the complaint, not the labels used in it," which determines whether removal is proper. *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980). Here, the plaintiffs' complaint indisputably arose under bankruptcy law, and, as the United States Supreme Court has noted, "[b]y the express terms of the Constitution, bankruptcy law is federal law." *Brown v. Felsen*, 442 U.S. 127, 136 (1979) (citing U.S. Const., Art. I, § 8, cl.4). Moreover, even assuming the plaintiffs' complaint, most reasonably read, alleges violations of the bankruptcy discharge rather than the automatic stay, the court finds that this provision of the bankruptcy code also raises substantial issues of federal law. *See, e.g., In re Methyl Tertiary Butyl Ether*, 247 F.R.D. 420, 426 (S.D. N.Y. 2007). And even if the plaintiffs "appear to have abandoned [the bankruptcy discharge] theory," Obj. to Mot. to Remand at 5, Rebuild/REO goes too far in suggesting the claims contained in or suggested by the complaint were "absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 817 n.5. Under any reasonable interpretation of the complaint, the plaintiffs' claim or claims were grounded in bankruptcy law–that is, federal law–and as Rebuild/REO now admits, "this case raises substantial,

unsettled issues." Obj. to Mot. to Remand at 2. Thus, the court agrees with the Magistrate Judge that the removal petition was not timely because it was filed more than thirty days after the plaintiffs filed their complaint in state court.

### B. The Removal Petition Did Not Include All Defendants.

As a general rule, all defendants must join in removing an action from state court. However, courts have permitted removal when parties that are merely nominal fail to join. The Fourth Circuit has not defined "nominal party" for removal purposes. Magistrate Judge Stanley applied the standard announced in *Creed v. Virginia*, 596 F. Supp.2d 930, 934 (E.D. Va. 2009): "[T]he central inquiry appears to be whether, looking at the facts of the case as they appear at the preliminary stage of a petition for removal, the party in question is in some manner genuinely adverse to the plaintiff." The United States Supreme Court has referred to nominal parties as those "having no interest" and not "concerned in the judgment." *Title Guar. & Sur. Co. of Scranton, PA, v. Idaho*, 240 U.S. 136, 140–41 (1916).

Rebuild/REO asserts that "[t]his lawsuit is about title to real property . . . . Either Rebuild or the plaintiffs will obtain title the real estate [sic] at issue in this case." Obj. to PF&R at 6. Because the Sheriff and Clerk, in any case, will not obtain title to the real estate and "appear to support plaintiffs in this case," *id.*, Rebuild/REO argues that they are nominal parties. Moreover, Rebuld/REO argues that the Clerk and Sheriff will not "be held responsible in this matter" because the plaintiffs are not seeking monetary relief, are not alleging willful or intentional actions "that could give rise to a claim for damages for violation of the automatic stay," (citing 11 U.S.C. § 362(k)), and are not seeking relief that requires any act or payment by the Sheriff or Clerk, since the

court could simply set aside the deed if it finds the deed was improperly issued, delivered, and/or recorded. *Id.* at 6–8.

Magistrate Judge Stanley proposed a finding that the Sheriff and Clerk are not nominal parties. The Magistrate Judge found that "there is a reasonable basis for predicting that the Sheriff and the Clerk will be held responsible in this matter and will be required to perform official acts" since "the Sheriff . . . collected the taxes, listed and sold the property at issue, received the proceeds and has since admitted that the sale should not have occurred," and "the Clerk was the grantor of the tax deed." PF&R at 14.

The court agrees with Rebuild/REO that, on the facts presented, it does not appear that the Clerk and Sheriff will be held responsible in this matter or that they are genuinely adverse to the plaintiffs; thus, they should be considered nominal parties whose consent is unnecessary for removal. Although the Sheriff and the Clerk were involved in the events at issue, the relief sought by the plaintiffs, if granted, will not affect the Sheriff and Clerk in any meaningful way. Rebuild/REO cite West Virginia Code § 11A-4-1 et seq. to show how a tax deed can be set aside by the court, without any act or payment required from the Sheriff or the Clerk. Obj. to PF&R at 7. Should the Sheriff and Clerk need to readjust their accounts accordingly, *see* Reply Br. of Pls. in Supp. of Mot. to Remand at 11, such clerical actions would be merely collateral to the relief sought by plaintiffs. The removal, however, was still improper because untimely, as discussed above.

    2. *Objection: Attorneys' Fees and Costs Should be Granted.*

The Supreme Court has stated that:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). As discussed above, Rutherford et al. contest Magistrate Judge Stanley's finding concerning attorney's fees. Rutherford et al. assert that if it was "obvious" and "plain" that the plaintiffs' complaint stated a federal claim, and if there was a "reasonable basis" for predicting that the Sheriff and Clerk were not nominal parties, as Judge Stanley found, then Rebuild/REO could not have had an objectively reasonable basis for filing for removal when they did, without the consent of the Sheriff and Clerk. Obj. to PF&R at 4–5. Rutherford et al. point out that awards of attorney's fees "may be made whether or not removal was in bad faith," *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996), and that the attorney's fees statute is a fee-shifting statute rather than a sanctions rule, *Creek Ventures, LLC v. World Parts, LLC*, 2004 Dist. LEXIS 9808, *11 (W.D.N.Y. 2004) (citation omitted). Obj. to PF&R at 2–3. In response, Rebuild/REO argues that Magistrate Judge Stanley's order should not be read as finding that it was "plain" and "obvious" that Rebuild/REO's removable was untimely. Furthermore, Rebuild/REO argues that "the Magistrate Court's finding that a 'reasonable' basis exists to predict the Clerk and Sheriff will be held liable [which Rebuild/REO nonetheless contest] does not mean that Rebuild's argument to the contrary is unreasonable." Resp. to Obj. to PF&R at 3.

Magistrate Judge Stanley found that Rebuild/REO's removal was objectively reasonable because the plaintiffs' claim alleges a federal question pursuant to 11 U.S.C. § 362 and because Rebuild/REO's failure to obtain the consent of all the defendants, while possibly "misguided," was not objectively unreasonable. PF&R at 15–16.

The court agrees with the Magistrate Judge that Rebuild/REO's failure to obtain the consent of the Clerk and Sheriff was not objectively unreasonable, since such consent was not required. The court disagrees with the Magistrate Judge that Rebuild/REO had an objectively reasonable basis for seeking removal when it did. Since the basis for federal jurisdiction should have been apparent to Rebuild/REO from the face of the complaint, Rebuild/REO had thirty days from the date of that complaint to file a petition to remove the case. Since Rebuild/REO did not do so, the petition for removal was untimely.

Attorney's fees are not required as a matter of right. The Supreme Court has held that courts "may" award such fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Yet having found the removal without merit, this court accordingly **GRANTS** attorney's fees to the parties opposing removal. The court **DIRECTS** the parties to file an application for such fees, detailing the time and other expenses expended on this matter.

### IV. Conclusion

The court **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's proposed findings. The Motion to Remand [Docket 4] is **GRANTED** as follows: The court **GRANTS** the Motion to Remand and **GRANTS** the request for attorney's fees and costs.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 20, 2009

Joseph R. Goodwin, Chief Judge

-10-